UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARADAY'S INC., <br> Plaintiff, <br> v. <br> SPARTAN WEAR INC., <br> Defendant. | Case No. 19-cv-03839-DMR <br><br> **ORDER TO SHOW CAUSE** |

On July 2, 2019, Plaintiff Faraday's Inc. filed a complaint and an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] The case was filed by Antonio Matos, who does not appear to be a lawyer, and who purports to represent Faraday's Inc. The financial affidavit filed in support of the IFP appears to list Matos's personal financial information. [Docket No. 2].

There are two problems with Plaintiff's filings. First, an artificial entity like a corporation must be represented by a licensed attorney. Civil Local Rule 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *see also Guifu Li v. A Perfect Day Franchise, Inc.*, No. 10-cv-01189-LHK, 2012 WL 2236752, at *4 (N.D. Cal. June 15, 2012) ("[W]hile pro se litigants can represent themselves, they cannot represent corporations, companies or other artificial entities.") Here, Matos is attempting to represent Faraday's Inc., a corporation. Nothing in the complaint indicates that Matos is an attorney, that he is licensed to practice before this court, or that he is representing Faraday's Inc. in his capacity as an attorney. Accordingly, Matos may not represent Faraday's Inc. No other person claims to be counsel of record for Faraday's Inc. Therefore, Plaintiff's claims may not proceed because as a corporation, Plaintiff can only go forward if it is represented by qualified counsel.

The second problem is that the IFP statute, 28 U.S.C. § 1915. only applies to natural persons. *Rowland v. California Mens Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198-207 (1993)

(refusing to extend the language of the IFP statute to artificial entities). Accordingly, corporations and other artificial entities like Plaintiff may not apply for a fee reduction under section 1915.

Based on the foregoing, Plaintiff is ordered to respond in writing to explain why this case should not be dismissed for failure to comply with Local Rule 3-9(b) and section 1915. Plaintiff's response is due by July 26, 2019.

**IT IS SO ORDERED.**

Dated: July 10, 2019



Judge Donna M. Ryu
United States Magistrate Judge

2